UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ANDREW BRADLEY NICKOLAUS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> MICHAEL SEPANEK, *Warden*, ) <br> ) <br> Respondent. ) | Civil Action No. 14-CV-134-HRW <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Andrew Bradley Nickolaus is an inmate confined in the Federal Correctional Institution at Ashland, Kentucky. Proceeding *pro se*, Nickolaus has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241. [D. E. No. 1] Nickolaus challenges the legality of his underlying conviction and his sentence, and he asserts claims of ineffective assistance of counsel. *Id.* Nickolaus appears to request that his conviction be vacated and that he be given the opportunity to enter into a new plea agreement and/or obtain a reduced sentence. For the reasons stated below, a § 2241 petition is not the proper manner of obtaining the relief sought. Consequently, the petition will be denied.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). The Court must deny a petition if it plainly appears that the petitioner is not entitled to relief. R. Governing § 2254 Cases 4 (rendered applicable to § 2241 petitions by Rule 1(b)). At this stage, the Court must accept Nickolaus' factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Nickolaus lacks counsel, the Court must also evaluate his claims leniently. *Id.*

## BACKGROUND

### A. Underlying Conviction

In June of 2012, Nickolaus was charged in a two-count Information. Count 1 charged that he knowingly distributed and received, and knowingly attempted to distribute and receive child pornography, as defined in 18 U.S.C. § 2256(2)(A), by means of a computer, all of which was in violation of 18 U.S.C. § 2252(a)(2). Count 2 charged that he had knowingly possessed child pornography, as defined in 18 U.S.C. § 2256(2) (A), all of which was in violation of 18 U.S.C. § 2252(a) (4) (b). *United States v. Andrew B. Nickolaus*, Case No. 1:12-cr-0093-TWP (S.D. Ind. 2012) [D. E. No. 18; D. E. No. 32 therein].

Ultimately, Nickolaus entered into a Plea Agreement with the United States. [*Id.,* at D. E. No. 37 therein]. Nickolaus was sentenced on March 7, 2013, and

received a 210-month sentence of imprisonment on Count 1, and a concurrent 87-month sentence on Count 2, for a total sentence of 210 months, to be followed by a term of supervised release for life. [*Id.* at D. E. No. 58 therein]. Nickolaus appealed his conviction to the Seventh Circuit, but it was dismissed as untimely filed. [*Id.* at D. E. No. 82 therein].

B.   **Claims Asserted in § 2241 Petition**

As grounds for his petition, Nickolaus claims that at the time he was arrested, he was not advised of his constitutional rights recognized in *Miranda v. Arizona*, 384 U.S. 436 (1966), implying a violation of his Fifth Amendment right against self-incrimination. Nickolaus also claims that his counsel was ineffective and that his plea agreement was coerced and that his counsel misrepresented the content and possible consequences of the plea agreement. Finally, Nickolaus claims that because he had no prior offenses, his sentence was erroneously enhanced. The gist of Nickolaus' § 2241 petition is that his conviction is constitutionally defective and that he received an excessive sentence. For these reasons, Nickolaus appears to request that his conviction be vacated and set aside and that he be afforded a chance to enter into a new Plea Agreement.

## DISCUSSION

Nickolaus is not raising any claims that fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation

3

of sentence credits or parole eligibility). *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he claims that his conviction and sentence on the underlying charges are constitutionally defective, requiring the vacation of his conviction.

However, § 2241 is not the avenue for making these claims. Rather, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Civ. No. 4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010). The Sixth Circuit has explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id.* (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id.* However, "[i]t is the petitioner's burden to

4

establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Under this framework, Nickolaus fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003). The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, § 2241 is not an additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims, such as those that Nickolaus asserts here, must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757.

The record in Nickolaus' criminal case reflects that he has not filed a prior § 2255 motion in the trial court. Nickolaus was sentenced on March 7, 2013; therefore, his conviction has been final for more than one year. Generally, a § 2255 motion must be filed in the trial court within one year from the date the defendant's conviction becomes final, meaning that, at this juncture, a § 2255

5

motion would be time-barred. Assuming that such a motion is time-barred, Nickolaus is not necessarily foreclosed from any relief. His avenue for potential relief would be to file a motion in the trial court for permission to file an untimely § 2255 motion and explaining to the trial court why he believes he is entitled to such relief.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Andrew Bradley Nickolaus' 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered in favor of the Respondent.

This 8th day of April, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge